UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CARLISA HENRY-LEEKS,**

    **Plaintiff,**

vs.                                                  CASE NO.:

**METROPOLITAN LIFE
INSURANCE COMPANY,**

    **Defendant.**

_____/

## COMPLAINT

COMES NOW the Plaintiff, CARLISA HENRY-LEEKS ("Leeks"), by and through the undersigned attorney, and sues the Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to take place. Benefits here were to be paid at Leeks' home address in Orlando, Florida. See Exhibit "A" attached hereto.

4. Joseph Leeks III ("Decedent") was a participant in each of the plans, funds, programs or arrangements described herein. Decedent was the husband of Leeks. Leeks is the beneficiary of the insurance benefits at issue in this litigation.

5. Decedent was an employee of Speedway LLC ("Speedway" or "Employer") and as such he was insured through a group basic life insurance ("Basic Life") policy issued to Speedway by MetLife.

6. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing Basic Life benefits ("Basic Life Plan").

7. The Basic Life Plan is a welfare benefit plan established under ERISA to provide Basic Life benefits to those participants who satisfy the terms and conditions of the Basic Life Plan to receive such benefits.

8. A copy of the applicable Plan document is in the possession of MetLife.

9. MetLife is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Basic Life Plan.

10. Upon information and belief, the Decedent, at the time of his death, had not completed a beneficiary designation that was on file with the Basic Life Plan. See MetLife's initial denial letter dated July 11, 2022, attached as hereto as Exhibit "B." Upon information and belief, the Basic Life Plan provides that if the

insured fails to designate a beneficiary, benefits are paid as set forth in the Plan's order of precedence. See Exhibit "B." The first identified relative to whom benefits would be payable is the insured's spouse. See Exhibit "B."

11. MetLife asserts that it paid the benefits due under the terms of the Basic Life Plan ("Death Benefit") to an individual other than Leeks. See Exhibit "B." MetLife asserts that it paid the Death Benefit to this other individual as it believed the other individual was married to the Decedent. See Exhibit "B."

12. Leeks provided evidence to MetLife showing that she was the Decedent's spouse at the time of his death. MetLife refuses to pay Leeks the Death Benefit arguing that its payment was "in good faith." MetLife's last denial letter is dated October 12, 2022.

13. With respect to the claims made herein, Leeks has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Leeks incorporates the allegations contained in paragraphs 1 through 13 above, and further states:

14. The Plan provided for the payment of the Death Benefit in the event of Decedent's death. The Plan also provided for the continuation of other benefits

and/or the payment of other benefits in the event of Decedent's death.  The other benefits are described with particularity in the Basic Life Plan.

15. Decedent died and the Death Benefit became payable to Decedent's spouse, Leeks.

16. Leeks made a claim for the Death Benefit.  Said claim for benefits was denied.

17. Leeks is entitled to the Death Benefit.

18. MetLife has failed and refused to pay Leeks the Death Benefit due pursuant to the terms of the Basic Life Plan, breaching the terms of the Basic Life Plan.

19. Because of the failure to pay the Death Benefit pursuant to the terms of the Basic Life Plan, Leeks has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee.  Leeks is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Leeks, prays for relief from defendant, MetLife, for the payment of the Death Benefit pursuant to the Basic Life Plan, and any other benefit payable as a result of the Decedent's death, plus pre and post judgment interest, attorney's fees and costs and any other such further relief as the Court deems proper.

Date:  November 9, 2022

                */s/Gregory D. Swartwood*
Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL  32750
Telephone:  (407) 339-1104
Facsimile:  (407) 339-1118
E-Mail:  gswartwood@nationlaw.com
Attorneys for Plaintiff